FILED
DEC - 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREEMAH BELL-BOSTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-1930 |
| LIBRARY OF CONGRESS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

It appears that plaintiff had been denied access in 2009 and 2007 for having used the library's computers for purposes other than research. It further appears that she has been denied access in the past pursuant to an order issued by the Superior Court of the District of Columbia directing her to stay away from the Library of Congress buildings and grounds. The Court presumes that some type of restriction remains in place, given that plaintiff now requests access to reading rooms at the Library of Congress in order to use its resources for her job search. Access to a federal building is not absolute. *See Hodge v. Talkin*, __ F. Supp. 2d __, __, 2013 WL 2523794, at *18 (D.D.C. June 11, 2013) ("[a]cknowledging that the government, no less than a private owner of property, has power to preserve the property under its control for the use to which it is lawfully dedicated" (citations and internal quotation marks omitted)); *see also U.S. Postal Serv. v. Council of Greenburg Civic Ass'ns*, 453 U.S. 114, 129 (1981) (citing cases in which the Supreme Court "recognized that the First Amendment does not guarantee access to property simply because it is owned or controlled by the government"). Missing from the complaint are any factual allegations to demonstrate plaintiff's entitlement to the relief she seeks.

As drafted, the complaint fails to comply with Rule 8(a), and it will be dismissed. An Order is issued separately.

_____
United States District Judge

DATE: Nov. 27, 2013